NESBITT, Judge.
Naomi Workman was killed while driving a car in which the owner, Kenneth Willis, was a passenger. The applicable liability limits under Willis’ automobile insurance policy with Allstate were less than the uninsured-underinsured motorist limits under the policy issued by State Farm Mutual Automobile Insurance Company (State Farm) to Hubert Workman, Naomi’s father. Claiming that Willis was negligent, Hubert sought underinsured motorist benefits from State Farm. When the company denied coverage, Hubert brought an action seeking a declaratory judgment that underinsured motorist benefits were available. Hubert’s motion for summary judgment was granted and State Farm appeals. We affirm.
State Farm’s denial of coverage was based on a policy provision which excluded underinsured coverage for a vehicle insured under the liability portion of the policy. It is otherwise agreed that decedent was afforded liability coverage for her liability while operating a nonowned vehicle. However, we agree with the rationale of Bowsher v. State Farm Fire and Casualty Company, 244 Or. 549, 419 P.2d 606 (1966), that the focus of our inquiry should be whether the injury for which a claim is made is covered by liability insurance, rather than a general inquiry into whether some kind of insurance covered, for some purposes, the automobile involved in the accident. It is undisputed that the tortfeasor, Kenneth Willis, was underinsured by $5,000. Accordingly, the uninsured-underinsured motorist benefits *661 under State Farm’s policy must be available to Hubert Workman.[1]
Affirmed.

. Reid v. State Farm Fire and Casualty Company, 352 So.2d 1172 (Fla.1978) is distinguishable in that it involved a family-household exclusion, not applicable here.