501 So.2d 141 (1987)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Anna P. McCLURE, Individually and As Personal Representative of the Estate of Thomas Alexander Mcclure, Deceased, Appellee.
No. 86-889.
District Court of Appeal of Florida, Second District.
January 23, 1987.
*142 Bruce D. Austin of Kaleel & Kaleel, P.A., St. Petersburg, for appellant.
Daniel C. Kasaris of Yanchuck, Thompson, Young, Berman & Young, P.A., St. Petersburg, for appellee.
SCHEB, Judge.
State Farm Mutual Automobile Insurance Company appeals a final summary judgment declaring that Anna P. McClure, individually and as personal representative, can recover uninsured motorist benefits under an automobile insurance policy issued by it. We agree with State Farm's contention that the trial court erred. We reverse.
Anna McClure's husband was killed on April 4, 1984, while a passenger in an automobile owned and operated by John M. Duff. Duff was insured by State Farm for both liability and uninsured motor vehicle coverage, each in the amount of $100,000 per person, $300,000 per accident. Based on her allegations of negligence, McClure collected the liability limits of $100,000 from State Farm.
Having exhausted State Farm's liability limits, McClure sought uninsured (underinsured) motor vehicle coverage from State Farm. State Farm denied coverage and McClure filed an action seeking a declaration of her right to recover uninsured motor vehicle coverage from State Farm under Duff's policy. Both parties filed motions for summary judgment. The trial court denied State Farm's motion and entered final summary judgment for McClure. This appeal ensued.
State Farm urges that the trial court misconstrued the legal effect of its policy and the applicable law concerning uninsured motorist benefits. McClure, on the other hand, contends that the court correctly determined that she had the right to uninsured motorist coverage under the State Farm policy. At the outset, we note that State Farm's policy includes the following provision:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance, or use of an uninsured motor vehicle.
The policy goes on to define an "uninsured motor vehicle" as including one which has liability insurance in an amount less than the damages for bodily injury sustained by an insured. McClure's husband was an insured under the policy by virtue of the fact that he was occupying the vehicle at the time of the accident. On this basis, McClure claims entitlement to uninsured motorist benefits under State Farm's policy since the damages sustained exceed the $100,000 liability insurance limits available on the Duff vehicle. State Farm, however, points to a provision in its policy which states, "An uninsured motor vehicle does not include a land motor vehicle: *143 (1) insured under the liability coverage of this policy."
Resolution of this case hinges on the application of the uninsured motorist statute, section 627.727, Florida Statutes (1983). Our supreme court has declared that the public policy of the uninsured motorist statute is to provide uniform and specific insurance benefits to members of the public to cover damages for bodily injury caused by the negligence of insolvent or uninsured motorists. Mullis v. State Farm, 252 So.2d 229 (Fla. 1971).[1] The purpose of the statute is to permit an insured "to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance." Mullis, at 234 citing Standard Accident Insurance Co. v. Gavin, 184 So.2d 229 at 232 (Fla. 1st DCA 1966).
Based on this public policy, it is generally recognized that an insurer may not limit the application of uninsured motorist coverage. Mullis. Nevertheless, certain exceptions have been recognized. For example, the supreme court has upheld a limitation on uninsured motorist coverage based upon the family-household exclusion. Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977). Also, this court has upheld limitation on coverage based upon a fellow employee exclusion. Hartford Accident & Indemnity Co. v. Fonck, 344 So.2d 595 (Fla. 1977).
McClure argues that the exclusionary language in the State Farm policy is in conflict with the statute and is void as against public policy because it limits the application of uninsured motorist coverage. We disagree. The applicable statutory provision is section 627.727(2)(b), Florida Statutes (1983). It provides that an:
insurer shall make available, at the written request of the insured, excess under insured motor vehicle coverage, providing coverage for an insured motor vehicle when the other person's liability insurer has provided limits of bodily injury liability for its insured which are less than the damages of the injured person purchasing such excess underinsured motor vehicle coverage. Such excess coverage shall provide the same coverage as the uninsured motor vehicle coverage provided in subsection (1), except that the excess coverage shall also be over and above, but shall not duplicate, the benefits available under the other person's liability coverage. The amount of such excess coverage shall not be reduced by a setoff against any coverage, including liability insurance. (Emphasis supplied.)
Based on the wording of the statute and the supreme court's interpretation of the uninsured motorist statute in Mullis, we think that uninsured motorist benefits were only intended to be provided when a negligent third party was actually uninsured, or underinsured because that person's liability coverage was less than the amount of damages caused by the injury. In support of our reasoning, we have emphasized that the statute refers to "providing coverage for an insured motor vehicle when the other person's liability insurer has provided limits of bodily injury liability for its insured which are less than the damages of the injured person purchasing such excess underinsured motor vehicle coverage." Furthermore, the statute provides that "the excess coverage shall also be over and above, but shall not duplicate, the benefits available under the other person's liability coverage."
We do not think McClure was entitled to uninsured motorist benefits from State Farm. Here, the negligent driver, Duff, was insured, and McClure recovered the limits of his liability coverage. It appears *144 contrary to the intent of the statute for McClure to claim the same vehicle insured by one policy is "insured" for the purposes of liability coverage but "uninsured" for the purposes of uninsured motorist coverage. The statute contemplates a separate tortfeasor that is either uninsured or underinsured under a separate policy providing liability coverage.
McClure cites State Farm Mutual Automobile Insurance Co. v. Workman, 421 So.2d 660 (Fla. 3d DCA 1982), as support for her contention that the exclusion here is invalid. However, we conclude that Workman is factually distinguishable. That case involved a claimant whose daughter was killed while driving another person's car. The claimant, arguing that the owner of the car was negligent, had recovered the full liability limits under an Allstate policy issued to the owner of the car. The claimant next sought to recover the remainder of his damages under the uninsured-underinsured motorist provision of his own State Farm policy, under which his daughter was an insured. It was otherwise agreed the decedent was afforded liability coverage for her liability while operating a nonowned vehicle. State Farm denied coverage based upon a provision, similar to the one here, which excluded underinsured coverage for a vehicle insured under the liability portion of the policy.
The third district held that the claimant was entitled to uninsured-underinsured motorist benefits under the State Farm Policy. Workman is distinguishable because it involved two separate policies; one from which the claimant sought liability coverage and another from which the claimant sought uninsured motorist coverage. Here, McClure is attempting to claim both types of coverage under the same policy. The State Farm policy does not permit this, and as related to this case, we find no conflict between the exclusionary language of the policy and section 627.727(2)(b).
Accordingly, we vacate the final summary judgment awarded appellant and direct the trial court to enter final summary judgment in favor of the appellee.
DANAHY, C.J., and FRANK, J., concur.
NOTES
[1] Mullis was based on the 1967 version of the uninsured motorist statute. § 627.0851, Fla. Stat. (1967). The amendments to the statute since then did not affect the basic public policy and purpose behind the statute.