503 So.2d 993 (1987)
Nick B. NICHOLAS, As Personal Representative of the Estate of Nick Elias Nicholas, Deceased, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. BO-245.
District Court of Appeal of Florida, First District.
March 16, 1987.
Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
Jeffrey A. Cramer, Pensacola, for appellee.
SMITH, Judge.
We affirm the trial court's final summary judgment finding that Nicholas may not recover uninsured motorist benefits under a policy issued by Nationwide. Nicholas' son was killed while a passenger in a car driven by Gregory Tinney, an additional insured under the Nationwide policy. Nicholas recovered liability benefits under the Nationwide policy and then sought uninsured motorist benefits under the same policy arguing that pursuant to the 1984 amendments to the uninsured motorist coverage statute, section 627.727(1), Florida Statutes (1984 Supp.), uninsured motorist coverage is over and above any motor vehicle liability coverage and therefore he can recover uninsured motorist benefits in addition to the liability limits. We disagree. State Farm Mutual Automobile Insurance Company v. McClure, 501 So.2d 141 (Fla. 2d DCA 1987), and cases cited therein.
Although the McClure case involved the 1983 version of the uninsured motorist statute, we think the result reached in this case should be the same as in that case, i.e., that a plaintiff *994 cannot recover liability coverage on a vehicle insured by a policy and then claim that the same vehicle is "uninsured" under the same policy for the purpose of recovering uninsured motorist benefits under that policy. We distinguish the recent decision of Jernigan v. Progressive American Insurance Company, 501 So.2d 748 (Fla. 5th DCA 1987), in that under the facts of that case liability coverage was not available under the Progressive policy, therefore the court permitted the plaintiff to recover uninsured motorist benefits under the Progressive policy.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.