506 So.2d 92 (1987)
FIDELITY & CASUALTY COMPANY OF NEW YORK, a Foreign Corporation, Appellant,
v.
Susan STREICHER, Appellee.
No. 86-2074.
District Court of Appeal of Florida, Second District.
May 1, 1987.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
David L. Levy, Largo, for appellee.
DANAHY, Chief Judge.
The appellee (the plaintiff) was injured in an automobile accident on May 17, 1985. At the time of the accident, she was a *93 passenger in her family's Datsun automobile, which was being driven by a permissive user, Richard Todd Conger. Conger's negligence was the sole proximate cause of the accident. As a result of the accident, the plaintiff sustained serious personal injuries.
Prior to the accident the appellant (Fidelity) had issued a policy of insurance to the plaintiff's parents which provided liability and uninsured motorist coverage on three family vehicles including the Datsun involved in the accident. The policy provided liability coverage for all permissive users of any insured vehicle. Conger, who had no other insurance, was insured under the policy by virtue of the omnibus insured clause. Fidelity paid the plaintiff its liability policy limits of $100,000.
Fidelity's policy also included underinsured motorist (UM) coverage in the amount of $100,000 for each vehicle insured. However, the policy's definition of uninsured or underinsured motor vehicle excluded any vehicle owned by the insured or a relative.
The plaintiff made a demand for all available UM benefits provided in Fidelity's policy, asserting that her damages exceeded the amount of the liability coverage which she had received. Fidelity denied the UM claim, and the plaintiff filed suit seeking a declaratory judgment that she was entitled to recover both liability and UM benefits under the Fidelity policy. The trial judge found as a matter of law that the plaintiff could avail herself of the UM coverage in the policy and entered final declaratory judgment for the plaintiff. This appeal followed. We reverse.
In State Farm Mutual Automobile Insurance Co. v. McClure, 501 So.2d 141 (Fla. 2d DCA 1987), this court held that a claimant was not entitled to both liability coverage and underinsured motorist coverage and underinsured motorist coverage under the same policy, where the policy does not permit that result. We found no conflict between the exclusionary language of the policy and section 627.727, Florida Statutes (1983), which applied to the accident involved in that case. Subsequently, the First District Court of Appeal considered a similar situation in Nicholas v. Nationwide Mutual Fire Insurance Co., 503 So.2d 993 (Fla. 1st DCA Mar. 16, 1987). There the claimant recovered liability benefits under a policy issued by Nationwide and then sought underinsured motorist benefits under the same policy, arguing that pursuant to the 1984 amendment of the uninsured motorist coverage statute, section 627.727, Florida Statutes (Supp. 1984), he was entitled to recover underinsured motorist benefits in addition to the liability limits. Our sister court disagreed, citing our decision in McClure. The court recognized that McClure involved the 1983 version of the uninsured motorist statute, but concluded that the result should be the same under the 1984 version. We agree.
It is true that the 1984 amendment of the statute changed its language to read that "the [uninsured motorist] coverage described under this section shall be over and above ... the benefits available to an insured ... under any motor vehicle liability insurance coverage ... and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section." (Emphasis added.) The plaintiff argues that to deny her UM benefits under the Fidelity policy would contravene the public policy expressed in the statute. But we do not feel it was the intent of the legislature to require that an automobile insurance policy provide both liability and underinsured motorist coverage to the same injured party. The result which the plaintiff seeks in this case would have the effect of doubling the limits of liability under the Fidelity policy. We are confident that Fidelity intended to provide limited liability coverage and to provide underinsured motorist coverage, but not to the same injured party, and that Fidelity charged a premium accordingly. We do not believe that Fidelity should be required to double, in effect, its liability coverage under the circumstances of this case.
Accordingly, we hold that the Fidelity policy in question does not provide underinsured motorist benefits available to the *94 plaintiff. We reverse the final declaratory judgment for the plaintiff and remand with directions to enter final judgment for Fidelity.
Reversed and remanded with directions.
FRANK and HALL, JJ., concur.