SCHEB, Acting Chief Judge.
The appellant challenges the trial court’s entry of a final summary judgment in favor of the appellee.
On October 18, 1985, the appellant’s decedent, Makis Henry Peel, while a passenger in an automobile, died as a result of the driver’s negligence. Appellee Allstate Insurance Company had issued a policy providing both liability and underinsured motorist (UM) coverage for the vehicle. Allstate paid the appellant the limit of its liability coverage but refused to pay the UM benefits.
The appellant argued in the trial court and contends here that section 627.727, Florida Statutes (Supp.1984), made the UM coverage excess over and above the liability coverage in the same policy.
In Fidelity & Casualty Co. of N.Y. v. Streicher, 506 So.2d 92 (Fla. 2d DCA), re *506 view denied, 515 So.2d 231 (Fla.1987), we rejected the same contention in a case involving a passenger injured in an auto accident on May 17, 1985. See also State Farm Mutual Automobile Insurance Co. v. McClure, 501 So.2d 141 (Fla. 2d DCA), review denied, 511 So.2d 299 (Fla.1987).
As Chief Judge Danahy observed in Streicher, despite the 1984 amendment of section 627.727, it was not the intent of the legislature to require that an automobile insurance policy provide both liability and UM coverage to the same injured party. The trial judge in this case was correct in entering final summary judgment for the appellee.
Affirmed.
RYDER and FRANK, JJ., concur.