649 So.2d 939 (1995)
FOREMOST INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Charles WARMUTH and Rita Warmuth, Appellees.
No. 93-3721.
District Court of Appeal of Florida, Fourth District.
February 15, 1995.
*940 Lisa D. Harpring of Moss, Henderson, Vangaasbeck, Blanton & Koval, P.A., Vero Beach, for appellant.
Stephanie S. Collison of William S. Frates, II, P.A., Vero Beach, for appellees.
GUNTHER, Judge.
Appellant, Foremost Insurance Company, defendant below (Foremost), appeals an order assessing taxable costs. The issue involved in this case is whether taxable costs can be assessed against an uninsured motorist carrier in excess of the stated policy limits. We conclude that taxable costs may be assessed above and beyond the uninsured motorist policy limits and therefore affirm the trial court's award of costs.
This case emanates from an automobile accident involving an uninsured motorist. A police officer, driving a town of Indian Shores' police cruiser, engaged in a high speed pursuit of Eric Gieszelmann, the uninsured motorist. The high speed chase led to a collision with Charles Warmuth's vehicle thereby causing Warmuth serious bodily injury. Foremost was Warmuth's uninsured motorist carrier with coverage limits of $200,000.
Thereafter, the Warmuths sued the town of Indian Shores and Foremost with the jury returning a verdict apportioning ninety-nine percent of the negligence of the accident to Indian Shores and one percent of the negligence to Gieszelmann. After the Warmuths accepted a remittitur, the trial court entered an amended final judgment in favor of the Warmuths against Foremost in the amount of $200,000. Subsequently, Foremost tendered its policy limits of $200,000 subject to a right of contribution.
After entry of the amended final judgment, the Warmuths moved to tax costs against Foremost. The germane portion of Foremost's uninsured motorist policy is silent on the issue of taxable costs and reads as follows:

*941 A. [T]he maximum limit of our liability for Uninsured Motorist Coverage in any one accident is the sum of the Uninsured Motorists Coverage limits in the Declarations applicable to each vehicle. [$200,000].
Ultimately, the trial court granted the motion to tax costs against Foremost in the full amount of $28,458.48. Thus, we now consider the propriety of the trial court's actions assessing costs against Foremost.
Uninsured motorist coverage was statutorily created to provide the reciprocal or mutual equivalent of the automobile liability coverage found in the Financial Responsibility Law, section 324.011 et seq., Florida Statutes (1993). Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971); Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978). Accordingly, with regard to uninsured motorist coverage, it is the public policy of Florida that every insured is entitled to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Mullis, 252 So.2d at 234; see also Carguillo v. State Farm Mut. Auto. Ins. Co., 529 So.2d 276 (Fla. 1988). As such, section 627.727, Florida Statutes (1993), allows the insured the same recovery which would have been available to him or her had the tortfeasor been insured to the same extent as the uninsured motorist coverage. Dewberry, supra; Allstate Ins. Co. v. Morales, 533 So.2d 952 (Fla. 5th DCA 1988). Therefore, the uninsured motorist carrier should be considered the tortfeasor's liability insurer with policy limits as set forth in the uninsured motorist policy.
In the liability insurance context, the general rule is that the insurer is liable for interest and costs which exceed the stated policy limits.
However, liability insurance policies now usually provide for the payments on behalf of the insured of "all sums" which he shall become legally obligated to pay because of the happening of the event insured against, or they specifically provide for the payment of costs and interest on the judgment recovered against the insured. There can be no question, therefore, that the insurer is ordinarily obligated to pay costs relating to, and interest on, a judgment recovered against the insured, although these items, added to the judgment recovered, may bring the total beyond the limits set in the policy.
C.T. Drechsler, Annotation, Liability Insurer's Liability for Interest and Costs on Excess of Judgment Over Policy Limit, 76 A.L.R.2d 983, 984 (1961). Florida has embraced this general rule as stated in Spiegel v. Williams, 545 So.2d 1360, 1361 (Fla. 1989), "liability insurers have usually been responsible for the payment of taxable costs over and beyond the policy limits." Therefore, if uninsured motorist coverage is equated to the tortfeasor's liability carrier, the uninsured motorist carrier should be held liable for costs that exceed the stated policy limits.
Moreover, Florida's uninsured motorist law is designed to benefit and protect injured persons, and is thus not for the benefit of the insurance companies. Brown v. Progressive Mut. Ins. Co., 249 So.2d 429 (Fla. 1971); Volk v. Gallopo, 585 So.2d 1163 (Fla. 4th DCA 1991). In the instant case, if costs could not be taxed in excess of the uninsured policy limits, the Warmuths would incur the costs necessary to prove they were entitled to benefits originally denied by Foremost. Such a result would be detrimental to the injured person. Furthermore, taxable costs are awarded to the prevailing party or the party recovering judgment. § 57.041, Fla. Stat. (1993). Foremost acknowledged that if it had prevailed in the instant case, it certainly would have moved for and been entitled to an award of taxable costs. We conclude that the result with regard to assessing taxable costs should be the same where, as here, the Warmuths prevailed.
Therefore, we hold that an uninsured motorist carrier can be liable for taxable costs above and beyond its stated policy limits. Accordingly, the trial court in the instant case did not err in taxing costs against Foremost in excess of its policy limits of $200,000.
AFFIRMED.
PARIENTE and SHAHOOD, JJ., concur.