845 So.2d 275 (2003)
Justo MAYO, Appellant,
v.
CAPITAL ASSURANCE COMPANY, INC., Appellee.
No. 3D02-2650.
District Court of Appeal of Florida, Third District.
May 14, 2003.
*276 Feinstein & Sorota and Alan Sorota, Miami, for appellant.
Hightower, Weiser & Pozo and Michelle N. Shupe, for appellee.
Before SCHWARTZ, C.J. and FLETCHER, J., and NESBITT, Senior Judge.
SCHWARTZ, Chief Judge.
The judgment under review is affirmed for two reasons. First, there was no substantive error in directing a verdict in favor of the appellee uninsured motorist carrier, standing in the shoes of the driver of a "phantom" vehicle who successfully swerved in time to avoid an unlawfully parked truck, into which the plaintiff appellant subsequently crashed. Simply stated, there was no evidence that the phantom was guilty of any causal negligence whatever. See Jefferies v. Amery Leasing, Inc., 698 So.2d 368 (Fla. 5th DCA 1997); Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985). Compare McCloud v. Swanson, 681 So.2d 898 (Fla. 4th DCA 1996)(jury issue presented on liability of forward driver to following driver only because preceding driver actually struck rear vehicle).
Second, even if the contrary were true, there was no cognizable harm because the owner of the forward truck, who was held 100% responsible for the accident by the jury, was fully insured for the amount of the verdict. Thus, UM coverage was unavailable and the insurer not liable in any event. See Bruno v. Travelers Ins. Co., 386 So.2d 251 (Fla. 3d DCA 1980); Dickey v. Grange Mut. Cas. Co., 370 So.2d 1234 (Fla. 2d DCA 1979); see also Allstate Ins. Co. v. Silow, 714 So.2d 647 (Fla. 4th DCA 1998); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997).
Affirmed.