[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10698
Non-Argument Calendar

_____

D.C. Docket No. 04-01872-CV-T-27-TBM

GRETCHEN BODDEN,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 31, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Gretchen Bodden appeals the dismissal of her underinsured motorist claim against her insurer, Defendant-Appellee State Farm Mutual Automobile Insurance Co. ("State Farm). No reversible error has been shown; we affirm.

Plaintiff was allegedly injured in a car accident on 11 August 2000 as a result of the negligence of Sharon Anderson. Plaintiff claims she is entitled to full compensation from State Farm under her uninsured/underinsured motorist ("UM") policy (the "UM Policy") for damages she sustained. Plaintiff filed suit in state court naming both Anderson and State Farm as party-defendants. Anderson's insurer tendered to Plaintiff the liability policy limit of $10,000 to settle the case against Anderson. Pursuant to Florida Statutes, section 627.727(6),[1] State Farm advanced the amount of the settlement offer and advised Plaintiff that it was not waiving its subrogation rights. This state court proceeding is still pending.[2]

---

[1] Florida Statutes, § 627.727(6) provides:

> If an underinsured motorist insurer chooses to preserve its subrogation rights by refusing permission to settle, the underinsured motorist insurer must, within 30 days after receipt of the notice of the proposed settlement, pay to the injured party the amount of the written offer from the underinsured motorist's liability insurer. Thereafter, upon final resolution of the underinsured motorist claim, the underinsured motorist insurer is entitled to seek subrogation against the underinsured motorist and the liability insurer for the amounts paid to the injured party.

[2] We will not here recite all the state court proceedings arising from the August 2000 incident. Suffice it to say one state court action remains pending in which both State Farm and Anderson are named defendants.

Although an action was pending in state court, Plaintiff filed the instant suit in federal district court on 15 November 2004 naming State Farm as defendant; Anderson -- the tortfeasor -- is no named party in the federal suit.[3] The district court concluded that Plaintiff failed to comply with the express terms of the UM Policy: suit must be brought against the UM insurer and the tortfeasor. State Farm's motion for summary judgment was granted; the suit was dismissed.[4]

Plaintiff frames the issue on appeal as whether Florida law requires that an insured, to obtain full UM coverage, continue litigating with an underinsured motorist after its UM carrier has invoked its subrogation rights and has paid the insured the amount offered by the underinsured motorist's liability insurer. But State Farm has not argued nor did the district court determine that continued litigation against the tortfeasor was required under Florida law. Instead, State Farm's argument and the district court's opinion turned on a provision of the UM Policy that imposed that requirement.

---

[3]The district court observed that diversity jurisdiction would have been defeated if Plaintiff, a Florida resident, had joined the tortfeasor, also a Florida resident, as a party defendant.

[4]The district court's order dated 9 September 2005 discussed federal abstention as an alternative basis for dismissal. In response to Plaintiff's Motion to Alter or Amend Judgment and/or Clarification, by order dated 21 December 2003, the district court clarified that defendant's summary judgment motion was granted independent of the abstention doctrine. Because we conclude summary judgment was granted properly based on a specific requirement of the contract of insurance, we do not consider the applicability of the abstention doctrine.

The UM Policy issued to Plaintiff by State Farm requires expressly, among other things, that the insured (i) file a lawsuit against both the tortfeasor and State Farm; and (ii) secure a judgment in that action. See UM Policy, R22, Ex. B, page 19, ¶2(a) and (c).[5] The UM Policy also provides, in terms that track Florida Statute section 627.727, the procedures to be followed on settlement offers and subrogation. Id. at ¶3. The district court determined -- and we agree -- that Plaintiff could not prevail in the federal action: by failing to join the tortfeasor, Plaintiff failed to fulfill her obligations under the policy.[6]

We are unpersuaded by Plaintiff's argument that the policy provision that obligates the Plaintiff to bring an action that names both the owner or driver of the uninsured/underinsured vehicle and the UM carrier is so offensive to public policy as to be unenforceable.[7] Plaintiff's protestations to the contrary notwithstanding,

_____

[5]If no agreement exists between the insured and State Farm about the insured's legal entitlement to collect from the tortfeasor, and the parties do not consent to arbitration, ¶2(a) provides that the insured shall "file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us [State Farm];" and ¶2(c) provides that the insured shall "secure a judgment in that action."

[6]At the time the district court ruled, the state court had already ordered Plaintiff to amend her complaint to add Anderson as a party. Although Plaintiff originally had named Anderson, Plaintiff had dismissed Anderson from the state court action. The state court acknowledged that the UM Policy required -- as a condition precedent to UM coverage -- that Plaintiff proceed against the tortfeasor and State Farm.

[7]As did the district court, we address here only the policy provision that obligates Plaintiff to name the tortfeasor as a party defendant; we do not address the provision that obligates Plaintiff to obtain a judgment.

we see nothing in Florida Stat. section 627.727(6) that prohibits joinder after payment has been tendered by the insurer as provided in that section.

AFFIRMED.[8]

---

[8]The district court stated specifically that its determination, as acknowledged by the parties, was intended to have no res judicata effect on issues pending before the state court wherein both the tortfeasor and State Farm are named defendants.