ROTHENBERG, J.
The plaintiff, Lenon Diaz-Hernandez (“the Insured”), the insured under an uninsured motorist (“UM”) policy issued by State Farm Fire and Casualty Company (“State Farm”), appeals from an order dismissing his second amended complaint with prejudice. We reverse.

I.Facts and Procedural History

The Insured filed a complaint against his insurer, State Farm, seeking to recover UM benefits for injuries sustained in an automobile collision with an uninsured motorist. The UM policy provides in relevant part as follows:
Deciding Fault and Amount — Coverages U and U3
Two questions must be decided by agreement between the insured and us:
1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and
2. If so, in what amount?
If there is no agreement, then:
1. If both parties consent, these questions shall be decided by arbitration ..., or:
2. If either party does not consent to arbitrate these questions ..., the insured shall:
a. File a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is:
(1) unknown; or
(2) has been released from liability according to the terms of this provision,
against us; and
b. upon filing, immediately give us copies of the summons and complaints filed by the insured in that action, and
c. secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.[1]
3. If the insured files suit against the owner or driver of the uninsured motor vehicle, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver.
State Farm filed a motion to dismiss the complaint based in part on the Insured’s (1) failure to attach a copy of the policy to the complaint, as required by Florida Rule *998 of Civil Procedure 1.180, and (2) failure to file suit against both the uninsured motorist and State Farm, as provided in the UM policy. Thereafter, the Insured filed an amended complaint, and after State Farm moved to dismiss the amended complaint, the Insured filed a second amended complaint, attaching the policy but naming State Farm as the only party defendant. Count II of the second amended complaint sought a declaratory judgment to determine if the Insured was required to sue both State Farm and the uninsured motorist, alleging that he was “in doubt” as to his rights. The trial court granted State Farm’s motion to dismiss without prejudice, allowing the Insured to amend his pleadings within twenty days to join the uninsured motorist as a defendant.
State Farm filed a Motion to Dismiss for Failure to Comply with Court Order, based on the Insured’s failure to file a subsequent pleading joining the uninsured motorist as a party defendant.[2] The trial court granted State Farm’s motion to dismiss the second amended complaint with prejudice. This appeal ensued.

II.Standard of Review

An order dismissing a complaint with prejudice is reviewed de novo. Morin v. Fla. Power & Light Co., 963 So.2d 258 (Fla. 3d DCA 2007); Gonzalez v. Eagle Ins. Co., 948 So.2d 1, 2 (Fla. 3d DCA 2006).

III.Issue

We must decide whether the provision in State Farm’s UM policy, which requires the Insured to file suit against the known uninsured motorist and State Farm, is against the public policy of the UM statute, section 627.727, Florida Statutes (2007), and therefore, void.

IV.Analysis

Pursuant to section 627.727(1), every motor vehicle liability insurer doing business in this state is required to offer UM coverage to its policyholders. See Young v. Progressive Se. Ins. Co., 753 So.2d 80, 82-83 (Fla.2000). Section 627.727(1) provides in relevant part:
No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy....
As the Florida Supreme Court explained in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229, 233-34, 238 (Fla.1971):
The public policy of the uninsured motorist statute ... is to provide uniform and specific insurance benefits to members of the public to cover damages for bodily injury caused by the negligence of insolvent or uninsured motorists and such statutorily fixed and prescribed protection is not reducible by insurers’ policy exclusions and exceptions....
*999 [[Image here]]
[The uninsured motorist statute] was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist; it is not to be “whittled away” by exclusions and exceptions.
See also USAA Cas. Ins. Co. v. Shelton, 932 So.2d 605, 608 (Fla. 2d DCA 2006) (“The purpose of [UM] insurance is to provide a source of recovery when the insured has been injured by a tortfeasor with insufficient or no insurance.”) (citing § 627.727(1), Fla. Stat. (2002)); Foremost Ins. Co. v. Warmuth, 649 So.2d 939, 941 (Fla. 4th DCA 1995) (“[W]ith regard to uninsured motorist coverage, it is the public policy of Florida that every insured is entitled to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance.”). Moreover, “[uninsured motorist coverage was created by the legislature for the benefit of injured persons, and not for the benefit of insurance companies.” Armstrong v. Allstate Ins. Co., 712 So.2d 788 (Fla. 2d DCA 1998).
 When an insured seeks to recover uninsured motorist benefits from its insurance carrier, the insured’s UM carrier stands in the shoes of the uninsured motorist. See State Farm Mut. Auto. Ins. Co. v. Revuelta, 901 So.2d 377, 380 (Fla. 3d DCA 2005) (explaining that uninsured motorist carrier “stand[s] in the shoes of the uninsured motorist”); Mayo v. Capital Assurance Co., 845 So.2d 275, 276 (Fla. 3d DCA 2003) (explaining that uninsured motorist carrier stood in the shoes of the driver of a “phantom” vehicle). Therefore, at that point, the UM carrier is adverse to its own insured. See State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 59 (Fla.1995) (citing Baxter v. Royal Indem. Co., 285 So.2d 652, 656 (Fla. 1st DCA 1973)). Moreover, “in a UM claim the insured must prove that she is legally entitled to recover from the owner or operator of the uninsured or underinsured vehicle. Just as she would in a suit against the tortfeasor, the insured bears the entire burden to prove that her claimed damages were reasonable, necessary, and related to the accident.” USAA Cas. Ins., 932 So.2d at 608 (citation omitted).[3]
The Insured argues that the provision in the UM policy, which requires him to join the uninsured motorist in his claim against the UM carrier, is against the public policy of the UM statute, section 627.727. We agree, and therefore find that provision of the policy to be invalid.
While the provision in State Farm’s UM policy does not limit the scope of the Insured’s UM coverage, cf. Schutt v. Atlanta Cas. Cos., 682 So.2d 684 (Fla. 5th DCA 1996) (declaring invalid exclusion in UM policy for injuries sustained while occupying certain types of vehicles); Liberty Mut. Ins. Co. v. Marino, 370 So.2d 397 (Fla. 3d DCA 1979) (declaring invalid provision in UM policy that limits coverage to certain operators of the insured vehicle); Forbes v. Allstate Ins. Co., 210 So.2d 244 (Fla. 3d DCA 1968) (declaring invalid an exclusion limiting coverage while the insured is an occupant of a public conveyance, such as a taxicab), it does add an additional burden upon the Insured by requiring the Insured to join the uninsured motorist (tortfeasor) in the Insured’s contractual action against State Farm for UM coverage. There is nothing in the UM *1000 statute that imposes such a burden upon the Insured.
We find that the additional burden this policy provision places upon the Insured violates the clear policy articulated in Armstrong, 712 So.2d at 788, that the purpose of the UM coverage is to protect the injured motorist, not to benefit the UM carrier or the uninsured motorist. See also Varro v. Federated Mut. Ins. Co., 854 So.2d 726 (Fla. 2d DCA 2003). If State Farm is in doubt as to whose negligence caused the action, it may call the uninsured motorist as a witness. If State Farm intends to seek subrogation against the uninsured motorist, it may bring the uninsured motorist into the lawsuit. Placing the burden upon the Insured by making it a contractual obligation benefits State Farm, not the Insured. We, therefore, conclude that the provision is against the public policy of the UM statute, section 627.727, and therefore invalid. See Soliday v. State Farm Mut. Ins. Co., 497 So.2d 717, 717-18 (Fla. 3d DCA 1986) (“A person with underinsured motorist coverage is not obligated to first bring an action against the tort-feasor before resolving a claim against his own carrier.”); Liberty Mut. Ins. Co. v. Reyer, 362 So.2d 390, 391 (Fla. 3d DCA 1978) (“[T] the basic question raised by this appeal [is] whether, under Florida law for the purposes of uninsured-underinsured motorist coverage, an insurer and insured may enter into a bona fide contract (policy) provision which requires that the insured must pursue the uninsured-underinsured motorist to a judgment or settlement prior to proceeding against its own insurer. In our opinion, the proper answer to this question is no.”); see also Metro. Cas. Ins. Co. v. Tepper, 2 So.3d 209 (Fla.2009).

V. Conclusion

Because we find that the provision in the UM policy, requiring the Insured to join the uninsured motorist in the lawsuit filed against the UM carrier, State Farm, is against public policy, we reverse the order dismissing the Insured’s second amended complaint with prejudice, and remand for further proceedings.
Reversed and remanded.

. The enforceability of this provision was not raised below or on appeal. We, therefore, take no position as to this provision.

. In the instant case, the alleged uninsured motorist is known and has not been released from liability.

. In USAA Casualty, the negligence of the uninsured motorist was not at issue. However, if at issue, the burden to establish the uninsured motorist’s negligence would also have been on the insured.