On Motion for Rehearing

SCHWARTZ, Senior Judge.
We deny State Farm’s motion for rehearing on the basis of the rule, well-stated by the panel, that a policy provision cannot lawfully restrict the rights of a UM insured beyond those specifically provided by statute. See Liberty Mut. Ins. Co. v. Reyer, 362 So.2d 390, 391 (Fla. 3d DCA 1978), (“[T]he basic question raised by this appeal [is] whether, under Florida law for the purposes of uninsured-underinsured motorist coverage, an insurer and insured may enter into a bona fide contract (policy) provision which requires that the insured must pursue the uninsured-underinsured motorist to a judgment or settlement prior to proceeding against its own insurer. In our opinion, the proper answer to this question is no.”), cert. denied, 368 So.2d 1369 (Fla.1979); see also Soliday v. State Farm Mut. Auto. Ins. Co., 497 So.2d 717 (Fla. 3d DCA 1986); U.S. Fid. & Guar. Co. v. State Farm Mut. Auto. Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979); Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977).
On rehearing, State Farm cites Metropolitan Casualty Insurance Co. v. Tepper, 2 So.3d 209 (Fla.2009), in which the Court invalidated just such a requirement, as somehow supportive of its position to the contrary. We think otherwise. While it is true that Tepper involved underinsured, rather than ^insured, motorist coverage, it seems to us that it applies, a fortiori, to the present, latter situation. This is so because the potential for a subrogation *1001 action against the undermsured or his carrier, as in Tepper itself, is always present, and the desirability of precluding multiple, possibly inconsistent, actions becomes a significant consideration. The fact that the Tepper Court found it nevertheless necessary in the undeñnsured case to require separate actions makes the outcome even more obvious in this «reinsured case, in which subrogation actions are usually unnecessary and therefore almost unknown.
It is also important that, as Justice Pol-ston’s opinion makes clear, this result cannot be changed by the insertion of a contrary provision in the policy. Although, in Bodden v. State Farm Mutual Automobile Insurance Co., 195 F. App’x 858 (11th Cir.2006), upon which the carrier also relies, the Eleventh Circuit upheld the validity of the present provision in a State Farm policy, Justice Polston specifically noted that this holding could not survive the majority decision in Tepper. See Tepper, 2 So.3d at 220-21 (Polston, J., concurring in part, dissenting in part).
Finally, the joinder requirement and, even more so, the other policy provisions imposing severe additional burdens on the plaintiff are contrary to the salutary rule that UM coverage contemplates neither no less nor no more than a simple contractual action against the carrier, which may not be turned into a “charade,” in which it is implied to the jury that any other entity’s interests are actually involved. See Lamz v. Geico Gen. Ins. Co., 803 So.2d 593, 595 (Fla.2001); Gov’t Employees Ins. Co. v. Krawzak, 675 So.2d 115 (Fla.1996); see also Arrieta, 343 So.2d at 918; Winner v. Ratzlaff, 211 Kan. 59, 63, 505 P.2d 606, 609-10 (1973) (“Policy declarations not here pertinent aside, reasons advanced in the foregoing cases include the fact the language of the statutes in question, or of the policies, contains no justification for requiring that the claimant must sue and recover judgment against the uninsured motorist and, further, the imposition of such a requirement would essentially transfer this coverage into its own antecedent-unsatisfied judgment insurance (see Widiss, A Guide To Uninsured Motorist Coverage, s 7.16).”) (cited for other points in Allstate Ins. Co. v. Boynton, 486 So.2d 552, 556-58 (Fla.1986)).
Rehearing denied.
RAMIREZ, C.J., and ROTHENBERG, J., concur.