GERBER, J.
 

 Alexander G. Saris (the “insured”) appeals the circuit court’s final judgment in favor of State Farm Automobile Insurance Company and State Farm Florida Insurance Company (collectively, the “insurer”). The court found that the insured was not entitled to uninsured motorist coverage because the insured failed to comply with a policy provision requiring the insured to sue the owner or driver of the uninsured motor vehicle. We find that the policy provision is void against the public policy of the uninsured motorist statute, section 627.727(1), Florida Statutes (2007). Therefore, we reverse.
 

 The insurer issued an automobile insurance policy to the insured. The policy provided that the insurer would “pay damages for bodily injury [the] insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.” The policy also provided that, to obtain uninsured motorist coverage, “the insured SHALL ... file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle AND [the insurer].” According to the policy, the only exceptions to that condition precedent would be if the owner or driver of the uninsured motor vehicle was “unknown” or “has been released from liability.”
 

 The insured sued the insurer for uninsured motorist benefits. Although the owner or driver of the uninsured motor vehicle was known and had not been released from liability, the insured did not sue that person because, as stated in the complaint, the statute of limitations to sue that person had expired.
 

 The insurer moved for summary judgment. The motion alleged that the insured failed to comply with the policy provision requiring the insured to sue the owner or driver of the uninsured motor vehicle. The motion further alleged that the insured could not comply with that provision because the statute of limitations to sue that person had expired.
 

 
 *817
 
 In response to the motion, the insured did not argue that the provision at issue was void against the public policy of the uninsured motorist statute. Instead, the insured raised other arguments not relevant here.
 

 The circuit court granted the motion by entering an order tracking the insurer’s arguments. The court then entered final judgment for the insurer.
 

 This appeal followed. Before the insured’s initial brief was due, the third district decided
 
 Diaz-Hernandez v. State Farm Fire and Casualty Co.,
 
 19 So.3d 996 (Fla. 3d DCA 2009). In that case, the third district held that the same provision at issue here was void against the public policy of the uninsured motorist statute.
 
 Id.
 
 at 999. The insured here, relying upon
 
 Diaz-Hernandez,
 
 primarily argues that the provision at issue is void against the public policy of the uninsured motorist statute. In response, the insurer contends that the insured failed to raise that argument in the circuit court. The insurer also contends that the provision at issue is not void against public policy.
 

 Our review is de novo.
 
 See Morales v. Weil,
 
 44 So.3d 173, 176 (Fla. 4th DCA 2010) (“A trial court’s final order granting a motion for summary judgment is reviewed de novo.”);
 
 Rando v. Gov’t Employees Ins. Co.,
 
 39 So.3d 244, 247 (Fla.2010) (the enforceability of a policy provision affecting uninsured motorist coverage is a pure question of law and, consequently, the standard of review is de novo).
 

 We agree with the third district that the provision at issue is void against the public policy of the uninsured motorist statute, section 627.727(1), Florida Statutes (2007). That statute provides, in pertinent part:
 

 No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state ... unless uninsured motor vehicle coverage is provided therein....
 

 § 627.727(1), Fla. Stat. (2007). Comparing the provision at issue to the uninsured motorist statute, the third district held:
 

 While the provision in [the insurer’s] UM policy does not limit the scope of the Insured’s UM coverage, it does add an additional burden upon the Insured by requiring the Insured to join the uninsured motorist (tortfeasor) in the Insured’s contractual action against [the insurer] for UM coverage. There is nothing in the UM statute that imposes such a burden upon the Insured.
 

 We find that the additional burden this policy provision places upon the Insured violates the clear policy ... that the purpose of the UM coverage is to protect the injured motorist, not to benefit the UM carrier or the uninsured motorist.... Placing the burden upon the Insured by making it a contractual obligation benefits [the insurer], not the Insured. We, therefore, conclude that the provision is against the public policy of the UM statute, section 627.727, and therefore invalid.
 

 Diaz-Hernandez,
 
 19 So.3d at 999-1000 (internal citations omitted). We join in the third district’s reasoning.
 

 We find it irrelevant that the insured failed to raise the public policy argument in the circuit court.- As a court of law, we are compelled to abide by plain statutory intent, regardless of whether or not the appellant first raises that argument in the circuit court.
 
 Cf. Toiberman v. Tisera,
 
 998 So.2d 4, 8 (Fla. 3d DCA 2008) (“As courts of law, we are compelled to abide by the plain statutory prohibition against arbitration of [family law] cases whether or not the objection to arbitration was first raised in the trial court.... ”).
 
 *818
 
 Thus, we find that enforcement of the provision at issue is fundamental error which we must correct in this appeal.
 
 See Sec. Bank, N.A. v. BellSouth Adver. & Publ’g Corp.,
 
 679 So.2d 795, 803 (Fla. 3d DCA 1996) (“[A]n appellate court may consider and rule upon a ... fundamental error when first raised or revealed on the record on appeal.”) (emphasis and citation omitted).
 

 The insurer argues that, even if the provision at issue imposes a burden beyond those which the uninsured motorist statute requires, that burden is no greater than other non-statutory burdens which insurance policies typically require. For example, the insurer contends, policies typically require the insured to provide notice and details of the claim, submit to a physical examination, and submit to an examination under oath. The insurer argues that all of these requirements impose some minimal burden upon the insured without violating public policy.
 
 See, e.g., Goldman v. State Farm Fire Gen. Ins. Co.,
 
 660 So.2d 300, 303 (Fla. 4th DCA 1995) (“An insured’s refusal to comply with a demand for an examination under oath is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy.”).
 

 We disagree with the insurer’s comparison. The examples to which the insurer refers all relate to the insured’s burden to establish that he is entitled to coverage.
 
 See Diaz-Hernandez,
 
 19 So.3d at 999 (“[I]n a UM claim the insured must prove that she is legally entitled to recover from the owner or operator of the uninsured or underinsured vehicle. Just as she would in a suit against the tortfeasor, the insured bears the entire burden to prove that her claimed damages were reasonable, necessary, and related to the accident.”) (citation omitted). Conversely, suing the tort-feasor is not necessary for the insured to establish that he is entitled to uninsured motorist coverage.
 

 In further support of its argument that the provision at issue does not violate public policy, the insurer cites several cases:
 
 Robinson v. Auto Owners Ins. Co.,
 
 718 So.2d 1283 (Fla. 2d DCA 1998);
 
 Jones v. Integral Ins. Co.,
 
 631 So.2d 1132 (Fla. 3d DCA 1994);
 
 Dill v. Montana Thirteenth Judicial Dist. Ct.,
 
 294 Mont. 134, 979 P.2d 188 (1999); and
 
 Snyder v. State Farm Mut. Auto. Ins. Co.,
 
 2007 WL 1206783 (Mich.Ct.App.2007). In
 
 Robinson
 
 and
 
 Jones,
 
 the second and third districts held that where policies did not expressly require the insureds to sue the tortfeasors, the insureds had no obligation to do so before recovering their uninsured motorist benefits.
 
 Robinson,
 
 718 So.2d at 1285;
 
 Jones,
 
 631 So.2d at 1133. In
 
 Dill,
 
 the Montana Supreme Court held that insureds who had satisfied a policy provision requiring them to sue the tortfeasor were entitled to recover their uninsured motorist benefits. 979 P.2d at 191. In
 
 Snyder,
 
 the Michigan Court of Appeals held that insureds who had not satisfied a policy provision requiring them to sue the tort-feasor were not entitled to recover their uninsured motorist benefits. 2007 WL 1206783 at 2.
 

 We find that the foregoing cases are not applicable. None of the cases expressly addressed the
 
 validity
 
 of a provision requiring an insured to sue the tortfeasor as a condition precedent to recovering uninsured motorist benefits. However, in
 
 Diaz-Hemandez,
 
 the third district expressly addressed that issue and held that such a provision was contrary to the public policy of Florida’s uninsured motorist statute. As stated above, we join in that holding.
 

 The insurer cites one case,
 
 Bodden v. State Farm Mutual Auto. Insurance Co.,
 
 195 F. App’x 858 (11th Cir.2006), which
 
 *819
 
 expressly addressed the validity of a policy provision requiring an insured to sue the tortfeasor as a condition precedent to recovering uninsured motorist benefits. In that case, the Eleventh Circuit Court of Appeals held that it was unpersuaded by an insured’s argument that such a requirement “is so offensive to public policy as to be unenforceable.”
 
 Id.
 
 at 860. The court’s only reasoning was that it saw nothing in the uninsured motorist statute which prohibited such a requirement.
 
 Id.
 

 We respectfully disagree with the federal court’s reasoning. In
 
 Diaz-Hemandez,
 
 the third district considered the federal court’s decision on the insurer’s motion for rehearing. Our sister court stood by its decision that the provision at issue cannot lawfully restrict the rights of an insured seeking uninsured motorist coverage beyond those specifically provided by statute. 19 So.3d at 1000. The court reasoned that any “additional burdens on [an insured] are contrary to the salutary rule that UM coverage contemplates neither no less nor no more than a simple contractual action against the [insurer].”
 
 Id.
 
 at 1001. We also stand by that reasoning.
 

 The supreme court’s recent holding in
 
 Metropolitan Casualty Insurance Co. v. Tepper,
 
 2 So.3d 209 (Fla.2009), further supports our decision. In
 
 Tepper,
 
 the court held that the limitations period for an insurer to bring an uninsured motorist subrogation action does not begin to run until the final resolution of the uninsured motorist claim.
 
 Id.
 
 at 215. Thus, allowing an insured to recover uninsured motorist benefits without suing the tortfeasor does not prejudice an insurer’s ability to bring a subrogation action against the tortfeasor.
 

 In sum, we find that requiring an insured to sue a tortfeasor to obtain uninsured motorist coverage is, in effect, no less burdensome than requiring the insured to recover a judgment or settlement against the tortfeasor before obtaining coverage. Both such requirements violate public policy.
 
 See Weinstein v. Am. Mut. Ins. Co. of Boston,
 
 376 So.2d 1219, 1220 (Fla. 4th DCA 1979) (“To require the [insured] to first obtain payment of a judgment or settlement is requiring more than the statutory intention and effectively limits the effect of [the uninsured motorist] statute....”). Thus, we remand this case for the circuit court to allow the insured to resume his action to recover uninsured motorist benefits from the insurer.
 

 Reversed and remanded.
 

 HAZOURI, J., and KELLEY, GLENN D., Associate Judge, concur.