EHRLICH, MERRILEE, Associate Judge.
This appeal revolves around a single order of summary judgment which determined the usury count in four separate cases that had been consolidated for all purposes other than for trial. The issue is whether the circuit court erred by granting summary judgment in favor of appel-lees, based on the court’s findings that they did not charge or intend to charge usurious interest. We conclude that there was no error and affirm.
The usury counts arose out of a series of promissory notes which appellees executed in favor of appellants as consideration for various loans. Each loan was for a stated period. During that period, interest would accrue and appellants would be required to make monthly interest payments. At the end of the period, the principal would be due.
After the loans matured, appellants did not repay the loans. Instead, they filed four separate lawsuits. The first count of each lawsuit sought a declaratory judgment that the subject loan was usurious. Appellees filed motions for summary judgment on the usury counts only. Appellants filed responses and cross-motions for summary judgment.
After hearing argument on the motions, the court entered an order denying appellants’ motions and granting appellees’ motions. The court found the loans not to be usurious and that appellees lacked corrupt intent to make usurious loans. The court denied appellants’ motion for reconsideration and appellants timely filed this appeal.
As a preliminary matter, this Court has jurisdiction to review these orders. Although piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction, the summary judgment, in this case, as to one count, is appealable. The usury count in all four cases is not interdependent with the other pleaded claims because it must be resolved on a separate set of facts than the breach of contract and fraud counts. Further, resolution of the usury count by summary judgment in this case terminated litigation between one party and another and is final as to them. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974); see also Fla. R.App. P. 9.030(b)(1)(A). Such resolution serves judicial economy. See Ferere v. Shure, 65 So.3d 1141, 1147 n. 1 (Fla. 4th DCA 2011).
Turning to the merits, appellate courts review orders granting summary judgment de novo. Saris v. State Farm Mut. Auto. Ins. Co., 49 So.3d 815, 817 (Fla. 4th DCA 2010); Fina v. Hennarichs, 19 So.3d 1081, 1084 (Fla. 4th DCA 2009). The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of *5 material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. Id. If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by the jury. Id.
The elements of usury are: (1) a loan express or implied; (2) an understanding between the parties that the money lent shall be returned; (3) a payment of or an agreement to pay a greater rate of interest than is allowed by law; and (4) a corrupt intent to take more than the legal rate for the use of the money loaned. See, e.g., Dixon v. Sharp, 276 So.2d 817, 819 (Fla.1973). The parties agree that appellants established the first and second elements. As set forth below, we hold that appellants did not establish the third element.
Criminal usury, which appellants allege, requires that the interest be in excess of 25% per annum. §§ 687.071(2) & (3), Fla. Stat. (2005). Because each loan was structured as requiring a series of advances rather than receiving the entire stated amount of the loan up front, the spreading statute contained in section 687.071(3) controls the calculation of the interest rate. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1074 (Fla.1982) (section 687.03(3) supersedes section 687.03(1) “when an advance is required in a loan transaction.... ”). We conclude that the circuit court correctly applied the spreading statute, and the calculations on each note yields a non-usurious rate of less than 25%. Accordingly, without establishing the third element of usury, appellants cannot establish that ap-pellees had criminal corrupt intent to commit usury/charge usurious interest, the fourth element.

Affirmed.

WARNER and POLEN, JJ., concur.