LEWIS, J.,
concurring in result.
While I concur with the result reached in this case, I write separately because I believe this issue is also governed by an additional body of law other than that expressed by the majority. Every motor vehicle liability insurer in this State is statutorily mandated to offer uninsured motorist coverage unless the insured has expressly rejected the coverage. See § 627.727, Fla. Stat. (2007). When an insured seeks to recover uninsured motorist benefits from its insurance carrier, the insured’s uninsured motorist carrier stands in the shoes of the uninsured motorist, thereby placing the insurer in a position adverse to the insured. Diaz-Hernandez v. State Farm Fire & Cas. Co., 19 So.3d 996, 999 (Fla. 3d DCA 2009). The Legislature intended for this statutorily mandated coverage to broadly protect innocent persons who are injured through the negligence of an uninsured motorist, and not to benefit insurance companies or motorists who cause damage to others. Young v. Progressive Se. Ins. Co., 753 So.2d 80, 83 (Fla.2000); see also Salas v. Liberty Mut. *1081 Fire Ins. Co., 272 So.2d 1, 5 (Fla.1972) (noting that “the intention of the Legislature, as mirrored by the decisions of this Court, is plain to provide for the broad protection of the citizens of this State against uninsured motorists”). Furthermore, we have repeatedly recognized that “as a creature of statute rather than a matter for contemplation of the parties in creating insurance policies, the uninsured motorist protection is not susceptible to the attempts of the insurer to limit or negate that protection.” Salas, 272 So.2d at 5; see also Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229, 237-38 (Fla.1971) (noting that uninsured motorist coverage is “not to be ‘whittled away’ by exclusions and exceptions”). For these reasons, provisions in uninsured motorist' policies that provide less coverage than required by the statute are void as contrary to public policy. Young, 753 So.2d at 83.
Here, Curran’s policy with State Farm contained a compulsory medical examination provision that allowed State Farm to require Curran to “be examined by physicians chosen and paid by [State Farm] as often as [State Farm] reasonably may require.” No such right exists in any third-party action. As the plain language of the provision indicates, the CME provision does not account for or protect the interests, requests, or concerns of the insured. Rather, this provision attempts to vest an insurer with exclusive power to require medical examinations as long as the insurer desires medical examinations, with nothing in the provision that limits how many medical examinations the insurer can require or under what conditions the insurer may require an examination. See State Farm Mut. Auto. Ins. Co. v. Curran, 83 So.3d 793, 801 (Fla. 5th DCA 2011) (noting that the CME provision in Cur-ran’s policy provided that it was “not necessary that State Farm agree to any proposed condition proffered by Curran” even if the condition was reasonable from the standpoint of the insured).
In effect, this provision could operate to provide State Farm with unfettered discretion to require CMEs and empower State Farm with the contractual authority to constrict the availability of uninsured motorist benefits by precluding any action for such benefits when the insured fails to comply with State Farm’s demands for CMEs. See Majority op. at 1074 (noting that State Farm contended “that Curran was not entitled to coverage under the policy because she breached the CME provision”). However, nothing in the uninsured motorist statute authorizes an insurer to place this type of direct and substantial burden upon the insured or to deny coverage on the basis that the insured failed to submit to a compulsory medical examination. Thus, this provision is not authorized by statute, and is directly contrary to the statutory purpose of uninsured motorist coverage. See Diaz-Hernandez, 19 So.3d at 999-1000 (invalidating a contractual provision as contrary to the public policy of the UM statute in part because there was “nothing in the UM statute” that authorized the insurer to require the insured to join the uninsured motorist in the insured’s contractual action against the insurer for UM coverage). Accordingly, I would invalidate the compulsory examination provision as contained in Curran’s policy with State Farm along with the asserted result as an illegal contractual provision more restrictive than, and not supported by, the statutorily mandated uninsured motorist coverage. See Young, 753 So.2d at 83 (holding that “provisions in uninsured motorist policies that provide less coverage than required by the statute are void as contrary to public policy”); see also Salas, 272 So.2d at 5; Mullis, 252 So.2d at 237-38.