DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA CUSTOM GUNS, LLC** d/b/a **AFFLUENT ARMS** and
**FLORIDA CARRY, INC.,**
Appellants,

v.

**CITY OF DANIA BEACH, FLORIDA,**
**ROBERT BALDWIN,** and **TAMARA JAMES,**
Appellees.

No. 4D2024-1089

[August 20, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18-016568.

Eric J. Friday of Kingry & Friday, PLLC, Jacksonville, for appellants.

Matthew H. Mandel of Weiss Serota Helfman Cole & Bierman, P.L., Fort Lauderdale, for appellees.

GERBER, J.

The appellant-plaintiffs sued the appellee-defendants for allegedly violating section 790.33, Florida Statutes (2017), which preempts local governments and local officials from enacting and enforcing ordinances or regulations relating to firearms and ammunition, subject to exceptions. The circuit court granted final summary judgment for the defendants, finding section 790.33's first exception was met. On the plaintiffs' appeal, we conclude a genuine factual dispute remains as to whether an exception to section 790.33's first exception applies. Therefore, we reverse.

We present this opinion in six sections:
1. Section 790.33 and its exceptions at issue;
2. The parties' pleadings;
3. The defendants' summary judgment motion;
4. The plaintiffs' summary judgment response;
5. The circuit court's summary judgment findings; and
6. Our review.

# 1. *Section 790.33 and its Exceptions at Issue*

Section 790.33 pertinently states:

(1)   Preemption.--Except as expressly provided by the State Constitution or general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, storage, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or any administrative regulations or rules adopted by local or state government relating thereto.  Any such existing ordinances, rules, or regulations are hereby declared null and void.

(2)   Policy and intent.--

(a)   It is the intent of this section to provide uniform firearms laws in the state; to declare all ordinances and regulations null and void which have been enacted by any jurisdictions other than state and federal, which regulate firearms, ammunition, or components thereof; to prohibit the enactment of any future ordinances or regulations relating to firearms, ammunition, or components thereof unless specifically authorized by this section or general law; and to require local jurisdictions to enforce state firearms laws.

(b)   It is further the intent of this section to deter and prevent the violation of this section and the violation of rights protected under the constitution and laws of this state related to firearms, ammunition, or components thereof, by the abuse of official authority that occurs when enactments are passed in violation of state law or under color of local or state authority.

(3)   Prohibitions; penalties.--

(a)   Any person, county, agency, municipality, district, or other entity that violates the Legislature's occupation of the whole field of regulation of firearms and ammunition, as declared in subsection (1), by enacting or causing to be enforced any local ordinance or administrative rule or

2

regulation impinging upon such exclusive occupation of the field shall be liable as set forth herein.

(b)   If any county, city, town, or other local government violates this section, the court shall declare the improper ordinance, regulation, or rule invalid and issue a permanent injunction against the local government prohibiting it from enforcing such ordinance, regulation, or rule.  It is no defense that in enacting the ordinance, regulation, or rule[,] the local government was acting in good faith or upon advice of counsel.

(c)   If the court determines that a violation was knowing and willful, the court shall assess a civil fine of up to $5,000 against the elected or appointed local government official or officials or administrative agency head under whose jurisdiction the violation occurred.

….

(f)   A person or an organization whose membership is adversely affected by any ordinance, regulation, measure, directive, rule, enactment, order, or policy promulgated or caused to be enforced in violation of this section may file suit against any county, agency, municipality, district, or other entity in any court of this state having jurisdiction over any defendant to the suit for declaratory and injunctive relief and for actual damages, as limited herein, caused by the violation. A court shall award the prevailing plaintiff in any such suit:

1.   Reasonable attorney's fees and costs in accordance with the laws of this state, including a contingency fee multiplier, as authorized by law; and

2.   The actual damages incurred, but not more than $100,000.

Interest on the sums awarded pursuant to this subsection shall accrue at the legal rate from the date on which suit was filed.

*(4)   Exceptions.--This section **does not prohibit***:

3

*(a) Zoning ordinances that encompass firearms businesses along with other businesses, **except that** zoning ordinances that are designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition are in conflict with this subsection and are prohibited*[.]

§ 790.33(1)-(4)(a), Fla. Stat. (2017) (emphases added).

## 2. *The Parties' Pleadings*

According to the complaint, plaintiff Florida Custom Guns, LLC ("the retailer") operates a retail store selling firearms, ammunition, and accessories within the jurisdiction of Defendant City of Dania Beach ("the city"), for which Defendant Baldwin served as the city manager and Defendant James served as the city mayor. The complaint further alleged plaintiff Florida Carry, Inc. ("the rights group") was organized "to advance the fundamental civil right of all Floridians to keep and bear arms for self-defense as guaranteed by the Second Amendment to the United States Constitution and the Constitution of Florida's Declaration of Rights, including the availability of firearms through retail purchase." According to the complaint, the rights group "has members throughout the state of Florida, including in Broward County," where the city is located.

The plaintiffs' complaint generally alleged:

[The retailer] is in compliance with all state and federal laws regarding the retail sale of firearms.

[The retailer] has a current Business Tax Receipt ... required under the city code ... to operate a retail establishment.

The [Business Tax Receipt] issued to [the retailer] states that it is for a Retail Firearms Storefront[.]

... [The city's] code enforcement [division] issued a notice of violation to [the retailer].

The violation claims that [the retailer] is required to vacate the property or seek approval from the city.

The violation claims that the sale of firearms is a prohibited use of the subject property.

4

The property where [the retailer] operates is zoned as [City Center ("CC")].

Permitted uses of CC zoned property includes but is not limited to retail stores[.]

....

[The city's] zoning code prohibits gun stores except in a C-3 or C-4 zone and then only by special exception.

...

C-3 and C-4 zoning are generally reserved for bus depots, catering, thrift shops, liquor package stores, sign fabrication, and warehousing.

....

[The city] has severely circumscribed the ability to open a gun store by limiting gun stores to a C-3 and C-4 designation ....

...

... [T]he only C-3 and C-4 [z]ones within [the city] are in areas unsuitable for general retail ... and would result in a significant reduction in drive-by business.

...

[Section] 790.33, [Florida Statutes (2017)], prohibits [the] defendants from enacting or enforcing any ordinance, rule, or regulation to regulate firearms businesses.

The only applicable exception to [section] 790.33 allows [the] defendants to create zoning ordinances that "encompass firearms businesses along with other businesses, except that zoning ordinances that are designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition are in conflict with this subsection and are prohibited."

5

...

> [The city's] zoning ordinances are designed to regulate retail stores that happen to sell firearms as disfavored businesses only appropriate in disfavored areas of the city for retail sales.
>
> Retail stores selling firearms are ... retail shops that should be treated as other retail shops.
>
> Disparate treatment of firearms retailers from other general retailers [violates] ... [section] 790.33[.]

(paragraph numbers and exhibit reference omitted).

Based on the foregoing allegations, the plaintiffs alleged separate counts against the city, Baldwin, and James. Count 1 alleged the city had "enacted a zoning ordinance that is designed for the purpose of restricting or prohibiting the sale, purchase, and transfer of firearms, as a method of regulating firearms." Count 1 sought, under section 790.33(3)(b), a declaratory judgment that the city's ordinances violating section 790.33 were invalid, and injunctive relief to prohibit the city from enforcing such invalid ordinances. Counts 2 and 3 respectively alleged Baldwin and James, as local government officials under whose jurisdiction the violation had occurred, had "knowingly and willfully violated [section] 790.33 by ... enforcing zoning ordinances that treated firearms businesses separately from other businesses." Counts 2 and 3 sought statutory fines against Baldwin and James under section 790.33(3)(c).

The defendants' answer generally denied the plaintiffs' allegations. The answer also included the following two affirmative defenses:

> The plaintiffs fail to state a cause of action as section 790.33(4)(a) ... specifically allows the city to have zoning ordinances that encompass firearms businesses along with other businesses, and the subject zoning ordinances meet this exception.
>
> The plaintiffs fail to state a cause of action as the city is lawfully enforcing its zoning ordinances as allowed by [s]ection 790.33(4)(a)[.]

(paragraph numbers omitted).

6

### 3. *The Defendants' Summary Judgment Motion*

The defendants' summary judgment motion pertinently argued:

> The [retailer's store] is subject to a zoning ordinance that encompassed firearms businesses along with other businesses, and is located in a zoning district known as "City Center" or "CC." …
>
> In the CC zoning district, there are many uses, including gun shops, that are not permitted. … Such additional uses that are likewise not permitted in the city's CC zoning district include: check-cashing stores, pawn shops, flea markets, bail bondsm[e]n, car wash[es], thrift shops, drug or alcohol treatment facilities, fortune tellers, funeral homes, liquor stores, and lumber stores. …
>
> In addition, gun shops are not prohibited from all zoning categories within the city. … "[G]un shops" may operate in the city's commercial zoning districts C-3 and C-4. The following other broad categories of businesses are likewise limited to operating solely in zoning districts C-3 and C-4: (1) automobile rental establishments; (2) automobile repair; (3) indoor boat storage facilities; (4) charity and thrift shops; (5) check cashing stores; (6) contractor repair or service shops; (7) motor fuel pump retail shops; and (8) pawn shops. This is precisely the kind of zoning ordinance exempted from section 790.33's reach—a zoning ordinance that encompasses firearms businesses with other businesses.
>
> …
>
> Simply, under [section 790.33(4)(a)'s] plain language, a zoning ordinance that regulates firearms businesses, such as [the retailer's store], is unaffected by section 790.33's prohibitions. A zoning ordinance is deemed null and void … only to the extent that the zoning ordinance is "designed for the purpose" of restricting transactions involving firearms. Thus, to prevail on their claims that [the] defendants have violated section 790.33, [the] plaintiffs must show, not only that the subject [zoning] ordinances impact firearms sales, but also [the] defendants enacted the subject [zoning] ordinances with the specific intent to restrict or prohibit such

sales. This is a heavy burden [which the] plaintiffs simply have not met and cannot meet given the undisputed evidence in this matter.

Indeed, a plain reading of the challenged zoning regulations … undermines any such claim, given that … other broad categories of businesses are likewise limited to operating solely in zoning districts C-3 and C-4[.] ….

…

… Because the subject zoning ordinances fall squarely within the [first] exemption set forth in section 790.33, the Court should find [the] plaintiffs' claims fail as a matter of law and grant summary judgment in favor of [the] defendants.

### 4. *The Plaintiffs' Summary Judgment Response*

The plaintiffs' summary judgment response pertinently argued:

[Section 790.33] prohibits [the] defendants from using zoning ordinances to restrict or prohibit the sale of firearms. Zoning ordinances may not single out gun stores as a separate type of retailer, but must treat them the same as any other retail operation. To interpret the exception as [the] defendants [argue] would allow for … the very result [the] defendants have achieved[:] the banning of firearm sales throughout the city limits.

… [The] defendants misconstrue [section 790.33's] exception … to claim that as long as other businesses are treated unfavorably, so may gun[-]related business[es] be treated unfavorably. [The] [city's] zoning ordinances not only treat gun[-]related business[es] unfavorably, [the city] prohibit[s] gun business[es] outright, unless by "special exception" variance ….

…

… This special exception is subject to nothing more than the arbitrary and capricious whim of city officials, not any objective criteria. …

…

8

The clear evidence of the [city's zoning] ordinances is that [the defendants] have chosen to single out gun[-]related businesses. It matters not how many other identified categories they similarly disfavored. If [the] defendants were disfavoring all retail and prohibited retail throughout a particular zone, [the] plaintiffs would have no case. [The] defendants' knowing and intentional choice to have an ordinance that treats gun retailers as a special category less favored than other general retail operations of a similar size is itself a violation. [The] defendants' subsequent decision to then enforce their ordinance ... eliminating the only gun store for [the city's] residents[,] adversely affected both [the retailer] and [the gun rights group's] members.

### 5. *The Circuit Court's Summary Judgment Findings*

The circuit court's order granting the defendants' summary judgment motion pertinently found:

All [the] defendants are entitled to summary judgment because [section 790.33, Florida Statutes (2017)] explicitly exempts zoning ordinances, such as the one at issue here, from its preemption. The individual defendants are further entitled to summary judgment as there was no evidence presented that they "knowingly and willfully violated [section 790.33] by enacting and enforcing zoning ordinances that treated firearms businesses separately from other businesses."

...

A plain reading of the challenged zoning regulations ... clearly show that they "encompass firearms business along with other businesses." There is also no evidence that the subject zoning ordinances were designed for the purpose of restricting the sale, purchase, transfer or manufacture of firearms or ammunition as a method of regulating firearms or ammunition. ...

...

Given the totality of the circumstances, the applicable [zoning] regulations and Florida law, the Court finds that the

9

city's zoning ordinances are specifically allowed by [section 790.33]; the Court finds that the city and the individual defendants are entitled to summary judgment as a matter of law. ... A reasonable jury could not find for the non-moving party, the [plaintiffs] in this case.

Shortly after issuing the foregoing order, the circuit court entered a final judgment for the defendants. This appeal followed.

## 6. *Our Review*

Applying de novo review, and resolving any doubts in favor of enforcing section 790.33's expressed policy and intent, we conclude the circuit court erred in granting summary judgment for the defendants, because a genuine factual dispute exists as to whether a reasonable jury could return a verdict for the plaintiffs as the nonmoving parties. *See Saris v. State Farm Mut. Auto. Ins. Co.*, 49 So. 3d 815, 817 (Fla. 4th DCA 2010) ("A trial court's final order granting a motion for summary judgment is reviewed de novo."); *Testa v. Town of Jupiter Island*, 360 So. 3d 722, 729 (Fla. 4th DCA 2023) ("The issue before this Court is a matter of statutory construction, which we review de novo.") (citation omitted); *City of Titusville v. Speak Up Titusville, Inc.*, 401 So. 3d 559, 561 (Fla. 5th DCA 2024) ("[W]hether [a] municipal ordinance is preempted by state law is a question of law subject to de novo review[.]") (citation and internal quotation marks omitted); *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 504 (Fla. 1999) ("[W]henever any doubt exist as to the extent of a power attempted to be exercised which may affect the operation of a state statute, the doubt is to be resolved against the ordinance and in favor of the statute.") (citation omitted); *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) ("[T]hose applying new rule 1.510 must recognize that the correct test for the existence of a genuine factual dispute is whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party.") (citation and internal quotation marks omitted).

We recognize the zoning ordinances at issue meet section 790.33(4)(a)'s first exception by "encompass[ing] firearms businesses along with other businesses." § 790.33(4)(a), Fla. Stat. (2017). However, the defendants' summary judgment motion did not satisfy their burden to show the inapplicability of *the exception to section 790.33(4)(a)'s first exception*. That is, the defendants did not show without factual dispute that the zoning ordinances were not "designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition." § 790.33(4)(a), Fla. Stat. (2017).

The defendants attempted to make that showing by relying upon the circular argument that, because the zoning ordinances "encompass firearms businesses along with other businesses," the plaintiffs cannot meet their burden at trial to show "[the] defendants enacted the … [zoning] ordinances with the specific intent to restrict or prohibit [firearms] sales." In effect, the defendants contend that as long as the zoning ordinances treat several other businesses in an arguably unfavorable manner, the zoning ordinances may treat firearms businesses in the same unfavorable manner.

Not so. Unlike other businesses, section 790.33 provides firearms businesses with express protection from "the violation of rights … under the constitution and laws of this state related to firearms, ammunition, or components thereof, by the abuse of official authority that occurs when enactments are passed in violation of state law or under color of local or state authority," regardless of whether "in enacting the ordinance, regulation, or rule[,] the local government was acting in good faith or upon advice of counsel." § 790.33(2)(b) & (4)(b), Fla. Stat. (2017). Thus, even if the zoning ordinances treat both firearms businesses and several other businesses in the same unfavorable manner, the zoning ordinances may violate section 790.33 if such ordinances were "designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition." § 790.33(4)(a), Fla. Stat. (2017).

That factual dispute remains given the plaintiffs' allegations in this case. As the plaintiffs' complaint has alleged, although the retailer is in compliance with all state and federal laws regarding the retail sale of firearms, and although retail stores in general are permitted to operate within the defendants' "City Center" zoning district, the zoning ordinances at issue here prohibit the retailer's sale of firearms at its "City Center" property. Only "large retail establishments" such as Bass Pro Shops, which are not exclusively "gun shops," can conceivably sell firearms and ammunition in the "City Center" zoning district pursuant to the ordinances' prohibiting "gun shops" in the "City Center."

Instead, the zoning ordinances limit "gun shops" to a C-3 or C-4 zone, and then only by special exception. Thus, as the plaintiffs allege, the zoning ordinances restrict firearm sales: "[T]he only C-3 and C-4 [z]ones within [the city] are in areas unsuitable for general retail … and would result in a significant reduction in drive-by business." Given the zoning ordinances' alleged cause-and-effect upon the retailer's firearms business, and upon firearms businesses generally, a factual dispute exists for a jury

11

to decide—whether the zoning ordinances were "designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition." § 790.33(4)(a), Fla. Stat. (2017).

### *Conclusion*

Based on the foregoing, the circuit court erred in granting summary judgment for the defendants. Therefore, we reverse both the circuit court's order granting the defendants' summary judgment motion and the resulting final judgment for the defendants. We remand for further proceedings.

*Reversed and remanded for further proceedings.*

FORST, J., concurs.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I dissent, as I conclude the defendants satisfied their burden on summary judgment, but the plaintiffs did not.

Section 790.33, Florida Statutes (2017), provides for an exception to the legislative preemption of firearms regulation:

> (4) Exceptions.--This section does not prohibit:
>
> (a) Zoning ordinances that encompass firearms businesses along with other businesses, except that zoning ordinances that are designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition are in conflict with this subsection and are prohibited[.]

Here, the city's zoning ordinances limiting a retail seller of firearms to two zoning districts "encompass[ed] firearms businesses *along with other businesses*." Nothing in the statute requires those "other businesses" to be retail or of a similar nature to the firearms business.

The plaintiffs alleged in their complaint that the zoning ordinances were designed for the purpose of restricting or prohibiting the sale and purchase

12

of firearms and ammunition. The defendants raised compliance with the statute in their answer.

In their motion for summary judgment, the defendants proved that the zoning ordinances restricted multiple businesses in the city center. The ordinances limited others, including retail sellers of firearms, to other districts. The defendants also provided evidence of the original enactment of the ordinances as part of a rewrite of the entire zoning code, and supported their position with Attorney General opinions concluding that zoning ordinances limiting firearm activity in certain zoning districts along with other businesses did not run afoul of the statute. The defendants contended the plaintiffs had no evidence to show that the ordinance was designed for the purpose of limiting firearms.

In *Brownlee v. 22nd Ave. Apartments, LLC*, 389 So. 3d 695 (Fla. 3d DCA 2024), the court explained how to apply Florida Rule of Civil Procedure 1.510 where the moving party shows an absence of evidence to support a claim:

> Where "the nonmoving party bears the burden of proof on a dispositive issue at trial, the moving party need only demonstrate 'that there is an absence of evidence to support the nonmoving party's case.'" *Rich v. Narog*, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)) (footnote omitted). "[O]nce the moving party satisfies this initial burden, the burden then shifts to the nonmoving party to 'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548). "Specifically, it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial." *Id.*

*Id.* at 698.

I would hold that the defendants satisfied their burden to show an absence of evidence that the purpose of the zoning ordinances was to prohibit the sale or purchase of firearms. The plaintiffs were then required to come forward with evidence to show a genuine dispute of material fact that the purpose of the ordinances was to restrict firearm sales. The

plaintiffs did not do so. Therefore, the trial court did not err in granting final summary judgment to the defendants.

I would also point out that the plaintiff must prove the *purpose* of the zoning ordinances was to prohibit the sale, etc. of firearms. Merriam-Webster defines "purpose" as "something set up as an object or end to be attained: intention," or "resolution, determination." *Purpose*, Merriam-Webster, http://merriam-webster.com/dictionary/purpose (last visited August 15, 2025). That the effect of the ordinances limited firearm sales would not necessarily prove their purpose.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

14